NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILLICENT AMPONSAH, | ) |
| *Plaintiff*, | ) |
| v. | ) No. 20 C 4639 |
| WILLIAM BARR, Attorney General of the United States, *et al.*, | ) Judge Virginia M. Kendall |
| *Defendants*. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Millicent Amponsah is challenging the denial of the I-130, Petition for Immediate Relative, she filed on behalf of her husband, Moses Kwabena Owusu. Plaintiff alleges that Defendants violated the Administrative Procedures Act ("APA") by taking an action that was arbitrary and capricious, an abuse of discretion, not in accordance with law, failed to observe a procedure required by law, and that violated the Fifth Amendment's Due Process Clause. However, the Court may only weigh in on an agency action that is "final" within the meaning of the law. Defendant United States Citizenship and Immigration Services ("USCIS") has re-opened the adjudication of the petition and vacated its earlier decisions, and therefore there is no final agency for this Court to review. Accordingly, Defendants' Motion to Dismiss [Dkt. 11] is granted without prejudice.

## BACKGROUND

The following factual allegations are taken from Amponsah's Complaint (Dkt. 1) and are assumed true for the purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). Millicent Amponsah is a United States citizen. (Dkt. 1 ¶ 1). She married Moses Owusu, a native and citizen of Ghana, on November 19, 2011 in Joliet, Illinois. (*Id.* ¶¶ 5,

1

14). On December 6, 2012, Amponsah filed an I-130, Petition for Alien Relative, on behalf of Owusu, to classify him as the spouse of a U.S. citizen. (*Id.* ¶ 15). Amponsah filed a number of supporting documents to her petition to show that Owusu was her lawful spouse. (*Id.* ¶ 16). Amponsah and Owusu also participated in interviews as part of their petition. (*Id.* ¶¶ 17–19). On June 26, 2017, USCIS issued a Notice of Intent to Deny ("NOID") Petition for Alien Relative, denying the petition after two interviews and several site visits that included an interview with a co-tenant of the couple and anonymous neighbors who raised suspicion about whether the couple were living together. (*Id.* ¶¶ 22–29). The 2017 NOID also states that Amponsah and Owusu "did have some consistent testimony, on such topics as your respective employment and employment hours, where your respective wedding rings were purchased, the date you moved into the address of record, and how you celebrated the beneficiary's last birthday," but then noted nine alleged discrepancies between Amponsah and Owusu's testimony at the second interview and finding a lack of evidence of a *bona fide* marriage. (*Id.* ¶ 33). On July 26, 2017, Amponsah, through counsel, timely responded to the NOID and rebutted the above NOID. (*Id.* ¶ 34). On March 28, 2019, then-Director Martha Medina issued a Decision to deny the petition, finding that Amponsah did not satisfactorily explain the discrepancies. (*Id.* ¶ 36). The couple then elected to withdraw their petition and file a Second I-130 petition (hereinafter "Second I-130 petition"). (*Id.* ¶ 37).

On May 16, 2019, Amponsah, through counsel, filed their Second I-130 petition. (*Id.* ¶ 38). Amponsah and Owusu appeared for an interview at USCIS and brought numerous documents demonstrating the validity of their marriage. (*Id.* ¶¶ 40–41). On December 19, 2019, Acting Field Office Director Mike Klinger issued a Notice of Intent to Deny Petition for Alien Relative (hereinafter "2019 NOID") that was largely reiterative of the 2017 NOID. (*Id.* ¶¶ 42–45). On January 17, 2020, Amponsah, through counsel, timely responded to the 2019 NOID, stating that

the couple clearly met their burden of proof with the evidence submitted in connection with. Amponsah's Second I-130 petition, "especially given that they already submitted four inches of evidence at their October 28, 2019 interview." (*Id.* ¶ 50). On March 9, 2020, Field Office Director Kevin Riddle issued a Decision to deny Amponsah's Second I-130 petition (hereinafter "2020 Denial"). (*Id.* ¶ 55). The 2020 Denial discredited the additional evidence of the *bona fide* nature of the marriage submitted in response to the Second NOID, and then includes the same language contained in the first NOID issued on June 26, 2017, specifically the language discussing the USCIS site visits on October 5, 2016 and October 24, 2016. (*Id.* ¶ 56). On August 6, 2020, Plaintiff filed the instant complaint, alleging that the 2020 Denial "constitutes final agency action." (*Id.* ¶ 60).

## LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) challenges the sufficiency of the complaint. *Berger v. National Collegiate Athletic Association*, 843 F.3d 285, 289–90 (7th Cir. 2016). When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint "in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the non-moving party's favor." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A party need not plead "detailed factual allegations," but "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twonbly,* 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter that when "accepted as true . . . 'state

3

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

## DISCUSSION

Arbitrary and capricious review is "highly deferential" and an administrative decision should be upheld "'as long as the agency's path may be reasonably discerned.'" *Sierra Club v. U.S. Environmental Protection Agency*, 774 F.3d 383, 393 (7th Cir. 2014) (citing *Mt. Sinai Hosp. Med. Ctr. v. Shalala*, 196 F.3d 703, 708 (7th Cir.1999)). Review under the arbitrary and capricious standard is principally concerned with ensuring the Agency examined the relevant data and articulated a satisfactory explanation for its action. *Id.* (citing *Bluewater Network v. EPA*, 370 F.3d 1, 11 (D.C. Cir. 2004)).

This deferential judicial review is conducted "only over 'final agency action for which there is no other adequate remedy in a court.'" *Dhakal v. Sessions*, 895 F.3d 532, 539 (7th Cir. 2018) (quoting 5 U.S.C. § 704). Two conditions must be met before an agency action is considered final. *See U.S. Army Corp. of Eng'r v. Hawkes Co., Inc*., 136 S.Ct. 1807, 1813 (2016). "First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id.* (citing *Bennett v. Spear*, 520 U.S. 154, 177 – 78 (1997).

This Court may not review the USCIS's decision because it is not a final agency action. On September 17, 2020, the USCIS issued a decision to reconsider the denial of the Second I-130 petition. (*See* Dkt. 11-2). That decision notified Plaintiff in accordance with 8 C.F.R. § 103.5 and informed Plaintiff that the motion to re-open "supersedes and vacates the decision issued September 10, 2020, as well as the previous denial issued March 9, 2020." (*Id*. at 2). The notice

states that "the previous decision, issued March 9, 2020, is re-opened for review" and that the agency was affording her 30 days to submit a brief" to respond to the agency's position. *Id*.

Because the adjudication has been re-opened and the prior decision vacated, the decision that Amponsah is challenging no longer marks "the consummation of the agency's decisionmaking process," and no legal consequences will flow from the prior decisions. *Hawke*s, 136 S.Ct. at 1813. Plaintiff cites to a number of cases that discuss how "typically, courts hold that agency action is 'non-final' where an agency 're-opens' its proceedings, especially in the immigration context." *Mantena v. Hazuda*, No. 17cv5142, 2018 WL 3745668, *6 (S.D.N.Y. Aug. 7, 2018). As noted in *Mantena*, "courts often tie these decisions to whether an agency requests more evidence and actually conducts further investigation upon re-opening." Here, the USCIS has requested further briefing and stated that it will re-evaluate Amponsah's petition "[b]ased on new information and/or re-evaluation of the existing record." (Dkt. 11-2 at 2).[1] Amponsah presumes that the USCIS's decision will not change from a denial, but there is simply no support for that inference in the USCIS's notice of re-opening. As it stands, the agency decision is not final and will not be until the USCIS renders its final decision after reconsidering Amponsah's petition.

---

[1] The Court notes that Amponsah cites a number of out-of-Circuit decisions where an agency decision was not considered final. *See e.g*. *Mantena*, 2018 WL 3745668, at *6; *RELX, Inc. v. Baran*, 397 F. Supp. 3d 41, 47 (D.D.C. 2019). The circumstances in these cases simply do not parallel the facts here. As Amponsah discusses in her Response, *Mantena* involved a case where the agency re-opened a decision several times without further investigation, indicating some level of gamesmanship. 2018 WL 3745668, at *6. In *RELX*, the agency re-opened its decision right before the summary judgment stage, when litigation had been ongoing and the agency failed to follow the regulation that provided them with authority to re-open a petition by filing a motion to do so, the employer and worker were not notified of the decision to re-open the petition until the date the plaintiffs' motion for summary judgment was due, and the government failed to proffer any reason for why it re-opened the petition other than it was in response to plaintiffs' lawsuit. 397 F. Supp. 3d at 51–52. The gamesmanship in these cases does not accord to the present facts, where the USCIS is soliciting further information from Plaintiff.

## **CONCLUSION**

Because the agency action is not final within the meaning of the APA, Defendants' Motion to Dismiss [Dkt. 11] is granted without prejudice. Should the USCIS's decision become final, Plaintiff may re-file her claim.

_____
Virginia M. Kendall
United States District Judge

Date: December 11, 2020